# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-122
_____

CHRISTOPHER ALEXANDER
LINDSAY,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

May 13, 2019

WINSOR, J.

Christopher Lindsay was convicted of second-degree murder and sentenced to life in prison. On appeal, he raises a single issue: he contends that the trial court abused its discretion in denying his motion for continuance. Because the trial court acted within its substantial discretion, we affirm.

We review a trial court's order denying a continuance only for an abuse of discretion. *Lebron v. State*, 799 So. 2d 997, 1018 (Fla. 2001). Here, as in *Lebron*, the "[record does not reflect that good cause was shown for [the] request for a continuance, or that any prejudice resulted from denial of the motion." *Id.*

The victim was Lorie Musil. Evidence at trial showed that Lindsay and Musil were both at the Bridge Bar and Sunset Lounge on Pensacola Bay. The two interacted at the bar and eventually left together. Less than an hour later, Lindsay returned to the bar, shirtless, wet, and alone. He was then belligerent, incoherent, and frantic, and bar employees tried to get him to leave. As he was leaving, Lindsay announced that he "drowned the bitch." The next evening, authorities found Musil's body by the water. An autopsy showed drowning caused the death.

Shortly before trial, Lindsay's counsel argued that a continuance was necessary so that the watch found on Musil's body could be tested for fingerprints. Lindsay argued that fingerprints from someone else would support his defense. Counsel acknowledged, though, that there had been sufficient time for fingerprinting; counsel said he'd simply forgotten to take care of it. The court denied the continuance, but it did enter an order allowing testing of the watch, if it could be done before trial. It is not clear whether testing took place pursuant to this order, so Lindsay has not shown prejudice. Moreover, because counsel had neglected to arrange for testing earlier, there was no good cause shown to support a continuance.

Lindsay also argues that he needed more time to secure additional bank records supporting his defense. He does not specify on appeal the nature of those records or how they would have helped his defense, but below he argued that he needed to collect "receipts from his transactions and actions . . . within the window of death." At the time, counsel said those records were secured, but that they were in the process of finding a records custodian to testify at trial. Lindsay has not shown prejudice in this regard; he did, in fact, find a records custodian to testify about his transactions. Records custodians from Walmart and a pizzeria testified about certain transactions, and a credit union employee testified that Lindsay had a $154 charge at the Bridge Bar and Sunset Grill the day he was seen there with Musil. He has not shown on appeal that a continuance would have led to additional records or testimony.

On the other hand, the State argued that it had out-of-state witnesses already traveling in for trial, along with members of the

2

victim's family. This record shows that the trial court did not abuse its discretion in denying the motion for continuance.

AFFIRMED.

ROBERTS and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Benjamin Louis Hoffman, Assistant Attorney General, Tallahassee, for Appellee.